

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KDE:TH
F. #2019R01574

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 5, 2020

<u>By ECF</u>

Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Orlando Lopez</u>
     <u>Criminal Docket No. 20-52 (EK)</u>

Dear Judge Komitee:

  The government submits this letter in support of its motion for a permanent order of detention pending trial as to the defendant Orlando Lopez. As further described below, the defendant poses a significant danger to the community and is a flight risk and no combination of conditions of release can assure the safety of the community and his appearance at court proceedings.[1]

I. <u>Legal Standard</u>

  The defendant is charged by indictment with one count of travel with intent to commit aggravated sexual abuse of a minor less than twelve years of age, in violation of 18 U.S.C. § 2241(c); ten counts of production of child pornography, in violation of 18 U.S.C. § 2251(e); and one count of possession of child pornography, in violation of § 2252(a)(4)(B). These charges carry a statutory presumption under 18 U.S.C. § 3142(e)(3) that "no condition or combination of conditions will reasonably assure the appearance of the person as required

---

  [1] The defendant has been charged by complaint in Queens County Criminal Court with state charges, including predatory sex assault against a child, and is presently remanded without bail in state custody and will be transferred to federal custody to face the instant charges.

and the safety of the community." See 18 U.S.C. § 3142(e)(3)(E) (presumption for offenses involving minor victims under 18 U.S.C. §§ 2241, 2251, 2252).

In order to rebut this statutory presumption, the defendant must come "forward with evidence that he does not pose a danger to the community or a risk of flight." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam). If this burden of production is satisfied, the government retains the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of evidence that the defendant presents a risk of flight. Id.

To determine whether the presumptions of dangerousness and flight are rebutted by a defendant, the Court must consider:

(1) the nature and circumstances of the crime charged;
(2) the weight of the evidence against the defendant;
(3) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history and past conduct; and
(4) the nature and seriousness of the danger to the community or to an individual that would be posed by release.

18 U.S.C. § 3142(g). Once a defendant has met his burden of production relating to danger to the community and risk of flight, the presumption in favor of detention does not disappear entirely, but remains a factor for the court to consider. Mercedes, 254 F.3d at 436.

II. The Defendant Is a Significant Danger to the Community and Presents a Serious Risk of Flight

The defendant Orlando Lopez poses an extraordinarily serious danger to the community and cannot rebut the presumption that he is a risk of danger and flight. All four factors set forth in Section 3142(g) compel this conclusion. In addition to the extremely serious and destructive nature of the charges, the defendant faces a mandatory minimum sentence of thirty years' imprisonment and a maximum of life imprisonment if convicted at trial, which gives him a substantial incentive to flee. United States v. Dodge, 846 F. Supp. 181, 184-85 (D. Conn. 1994) (possibility of a "severe sentence" heightens the risk of flight). Based on these facts, a finding of risk of flight is warranted. He should therefore be detained pending trial.

A. Nature and Circumstances of the Crimes Charged and Evidence of Guilt

The defendant, a 64-year-old Queens resident, is charged with sexually exploiting children for over a decade and taking photographs and videos of his abuse. As early as 2010, the defendant began sexually abusing a two-year old female child who lived in his apartment building. Between May 2010 and June 2018, the defendant produced thousands of sexually explicit photographs and videos of the child. Over the past decade, the

defendant used the child to identify and gain access to additional victims, including the child's friends and their siblings.

Law enforcement agents have recovered thousands of photographs and videos from the defendant's residence that depict the defendant engaging in sexual acts with children between the ages of two and ten years old.  Many of these videos depict the defendant engaging in penetrative oral and sexual intercourse with very young children.  In some of the videos that law enforcement has reviewed, the defendant distracted his victims by providing them with candy, ice cream or popsicles as he sexually abused them.  Some videos depict the defendant directing certain child victims to use sexual devices on themselves or to engage in sexual acts with each other.  Some of the videos depict the defendant's victims sucking on pacifiers or wearing costumes, such as masks or capes.

The defendant has been indicted in connection with his exploitation of eight of these children.  At least four more remain unidentified by law enforcement at this time.  As one example, several images recovered from the defendant's residence depict an unknown victim, who appears to be approximately three years old, holding a blue-colored popsicle in her hand.  The victim is naked from the waist down and crying.

Further revealing the defendant's dangerousness, the investigation has revealed that the defendant attempted to befriend the parents of his victims in order to gain further access to them.  At times, the defendant invited his victims on trips out of state.  For instance, in July 2018, the defendant transported a seven-year-old girl, along with other children, across state lines in order to sexually abuse her.

Accordingly, the nature and circumstances of the charged crimes and the weight of the evidence demand the defendant's detention.  The evidence in this case is as disturbing as it is overwhelming.  Many of the videos and photographs recovered from the defendant's residence clearly depict the defendant heinously sexually abusing children who lived near him.  In addition, the government has interviewed a number of the defendant's victims, including some of those referred to in the indictment, thereby confirming not only their identity and age but the profound emotional and psychological effects of the defendant's actions.

B. <u>History and Characteristics of the Defendant</u>

The defendant's history and characteristics also warrant detention.  The sheer length of time in which the defendant perpetrated these crimes against children demonstrates his disregard for the law.  The defendant also took steps to ensure that his abuse went undetected.  One victim told law enforcement that the defendant touched her private parts and instructed her never to tell her mother.  Furthermore, the calculated measures the defendant used to identify and manipulate his victims and their family members shows the lengths to which he has gone to inflict incredible harm on children, which also shows his dangerousness.

    C. <u>Seriousness of Danger Posed by the Defendant's Release</u>

The seriousness of the danger posed by the defendant's release cannot be overstated. For decades, the defendant repeatedly sexually abused the most vulnerable members of our community—children as young as two years old. There is no doubt that he would have continued to abuse children but for his apprehension by law enforcement.

III.    <u>Conclusion</u>

For the reasons set forth above, the defendant poses a significant danger to the community if released pending trial, and no combination of bail conditions will ensure the safety of the community and the defendant's continued appearance before the Court.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/
        Tanya Hajjar
        Assistant U.S. Attorney
        (718) 254-6109

cc:    Defense Counsel (ECF)
       Clerk of Court (by ECF)