UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - against -

ORLANDO LOPEZ,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PROTECTIVE ORDER**
20-CR-0052 (EK)

ERIC KOMITEE, United States District Judge:

    1.    Any and all discovery material depicting, identifying, or tending to identify, in any manner, alleged victims of sexual exploitation, both of the charged crimes and other crimes or conduct of the defendant (the "Victim Discovery Material")[1] to be provided by the government in the above-captioned case pursuant to Rule 16 of the Federal Rule of Criminal Procedure or pursuant to 18 U.S.C. § 3500, including any and all copies, notes, transcripts, documents or other information derived or prepared from such discovery material, may be used by the defendant and defense counsel only for purposes of preparing and defending the case, including but not limited to trial, any sentencing, any appeal and any collateral attack, involving the charges in the above-captioned case;

    2.    Any and all Victim Discovery Material produced to the defendant and defense counsel by the government and any copies, notes, transcripts, documents or other information derived or prepared from such material shall not be further disseminated by the

---

[1] Victim Discovery Material shall be identified as such by the government in its correspondence transmitting the material to defense counsel and shall be further identified by labels bearing the prefix "VDM."

1

defendant or defense counsel to any individuals, organizations or other entities (other than legal staff of the defense counsel) without further Order of the Court;

      3.      Where the defendant and/or defense counsel wishes to disclose any portion of the Victim Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material to any individual other than a member of the legal staff (which includes defense investigators, project analysts, paralegals and IT staff of defense counsel), defense counsel must redact any identifying information from the document, namely, name, address, date of birth, any photograph or visual depiction, and Social Security number, or if defense counsel does not wish to redact the document, must make an application to the Court for authorization to make such disclosure, and either (i) notify the government sufficiently in advance of the contemplated disclosure to permit briefing and argument on the propriety of such disclosure; or (ii) inform the Court in writing why it should decide the application *ex parte* without notice to the government;

      4.      The defendant is prohibited from taking any Victim Discovery Material, or copies thereof, into any jail facility, or possessing such material or copies in any such facility, except when reviewing the material in the presence of his defense counsel or a member of the legal staff;

      5.      Nothing in this Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material, nor shall it preclude the defendant or defense counsel from seeking modification of the Order;

6. If the defendant obtains substitute counsel or elects to represent himself *pro se*, the undersigned defense counsel will not transfer any portion of the Victim Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from such discovery material unless and until substitute counsel or the *pro se* defendant obtains an Order from the Court exempting counsel or the *pro se* defendant from, or modifying, the provisions of this Order;

7. The defendant and defense counsel will destroy or return to the government the Victim Discovery Material and all copies thereof, whether in the possession of the defendant or defense counsel (or his or her legal staff) who is subject to this Order, at the conclusion of the trial if the defendant is acquitted on all counts or, in the case of convictions either at trial or by guilty plea, upon completion of any sentencing, appeal or collateral attack on the conviction made by the defendant in this matter, with the exception that defense counsel may retain one copy set for its records provided the defendant is not given access to that copy set; and

8. Any violation of this Order, as determined by the Court will require, in addition to any other sanction deemed appropriate by the Court, the immediate destruction of the Victim Discovery Material and all copies thereof.

SO ORDERED.

Dated:      Brooklyn, New York
              March 27, 2020

                                            By:   /s/ Eric Komitee
                                                    Eric Komitee
                                                    United States District Judge